**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2280-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DENARD C. TRAPP,

    Defendant-Appellant.

_____

Submitted February 9, 2017 — Decided  May 9, 2017

Before Judges O'Connor and Whipple.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Municipal
Appeal No. 15-042.

Denard C. Trapp, appellant pro se.

Christopher J. Gramiccioni, Monmouth County
Prosecutor, attorney for respondent (Monica do
Outeiro, Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant, appeals from the Law Division's October 16, 2015 judgment of conviction and a January 15, 2016 denial of a motion for reconsideration, following a trial de novo for resisting arrest.  We affirm.

On May 8, 2014, defendant exited Judge Kathleen Sheedy's courtroom in the Monmouth County Courthouse after a hearing. Judge Sheedy asked Monmouth County Sherriff's Officer Richard Coppinger to "hold" defendant for a possible contempt of court charge after it was brought to her attention defendant had audio-recorded the hearing. Officer Coppinger exited the courtroom and told defendant Judge Sheedy was investigating a claim he recorded the proceeding and asked defendant not to leave. Defendant was advised he was not under arrest at that time. Coppinger noticed defendant was "significantly excited" and seemed "aggravated" so he called for additional officers. It was at this time Coppinger was advised Judge Sheedy ordered defendant arrested. Coppinger subsequently advised defendant he was under arrest.

According to Coppinger, defendant resisted arrest and "backed himself into a corner, raised his hands knuckle to knuckle, about six inches from his chin" and did not let Coppinger place handcuffs on him. Additional officers arrived and a "tussle" ensued on the floor with defendant and several officers. Officers ultimately arrested defendant. Parts of this encounter were captured on security cameras and the video was submitted as evidence.

Defendant was charged with disorderly persons resisting arrest in violation of N.J.S.A. 2C:29-2(a)(1). On March 31, 2015, defendant was convicted in municipal court after the municipal

2

court judge heard testimony from Coppinger, two Sheriff's officers who assisted during the arrest, and defendant himself. The municipal court credited the testimony of the officers, found defendant guilty of the charge, and sentenced him to a thirty-day jail term suspended, conditioned upon compliance with a one-year term of probation, plus fines and costs.

Before the municipal court judge, defendant moved for a stay pending appeal, which was denied. Defendant then filed a "Motion to Vacate or Dismiss All Charges of March 31, 2015," which was treated as an appeal de novo to the Law Division. Defendant's appeal was heard on October 16, 2015, by Judge Ronald Reisner. Judge Reisner considered arguments from defendant and the State and reviewed the evidence. The judge rejected defendant's attempts to supplement the record with documents not admitted into evidence during the municipal court hearing, quashed defendant's subpoena of the municipal prosecutor, and found defendant guilty of resisting arrest. The judge sentenced defendant to a $200 fine and court costs. Defendant moved for reconsideration, which the judge denied on January 15, 2016. This appeal followed.

On appeal, defendant questions the applicability of the de novo standard of review applied by the Law Division judge, arguing he was never lawfully subject to arrest. Defendant also argues he was denied discovery in violation of Brady v. Maryland, 373

3                                        A-2280-15T3

U.S. 83, 82 S. Ct. 1194, 10 L. Ed. 2d 215.  Because we conclude the judge applied the proper standard of review and properly found no Brady violation occurred because the underlying basis for defendant's arrest was not relevant, we affirm.

When reviewing a trial court's de novo decision of a municipal conviction, we must determine whether there is sufficient, credible evidence present in the record to uphold the findings of the trial court.  State v. Johnson, 42 N.J. 146, 162 (1964).  Just as the trial court is not as well situated as the municipal court to determine credibility, neither is the Appellate Division, and thus we do not make new credibility findings.  State v. Locurto, 157 N.J. 463, 470-71 (1999) (citing Johnson, supra, 42 N.J. at 161-62).  Indeed, we do not "weigh the evidence, assess the credibility of the witnesses, or make conclusions about the evidence."  State v. Barone, 147 N.J. 599, 615 (1997).  Moreover, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  State v. Elders, 192 N.J. 224, 252 (2007) (quoting Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

With these standards standard in mind, we reject defendant's arguments and affirm his conviction for the reasons expressed by Judge Reisner.  We add the following comment.

4

A person is guilty of a disorderly persons offense "if he purposely prevents or attempts to prevent a law enforcement officer from effecting an arrest." N.J.S.A. 2C:29-2(a)(1). "It is not a defense to a prosecution [for resisting arrest] that the law enforcement officer was acting unlawfully in making the arrest, provided he was acting under color of his official authority and provided the law enforcement officer announces his intention to arrest prior to resistance." N.J.S.A. 2C:29-2(a); State v. Brown, 205 N.J. 133, 147 n.7 (2011). Regardless of Judge Sheedy's contempt determination, the record establishes defendant refused to submit to the officer's direction when advised he was under arrest.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2280-15T3